IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARCO MARTINEZ, | ) |
| | ) |
| Plaintiff, | )   Case No. 1:16-cv-12154-DLC |
| | ) |
| v. | ) |
| | ) |
| SUN LIFE ASSURANCE COMPANY OF CANADA, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO DISMISS ALL CLAIMS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendant Sun Life Assurance Company of Canada (Sun), by and through counsel, hereby moves pursuant to Federal Rule of Civil Procedure 12(b)(6) for an Order dismissing all claims with prejudice for failure to state a claim on which relief can be granted. In support of this Motion, Defendant files its Memorandum in Support and states as follows:

1. Plaintiff alleges seven counts, none of which states a claim on which relief can be granted and all of which arise from the same basic set of facts: Plaintiff was awarded monthly long term disability benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, *et seq.* ("ERISA"). Benefits under the plan were funded, at least in part, by a group long term disability insurance policy issued by Defendant Sun Life to Plaintiff's employer ("Group Policy"). Pursuant to the terms of the Group Policy requiring incorporation of certain other income received from sources outside the employer plan, Plaintiff's monthly benefits under the Group Policy have been reduced. Plaintiff seeks benefits under the Group Policy without any reduction for the monies he

1

receives from the Department of Veterans Affairs for the same disabling condition.

2. The Group Policy explicitly states that the amount of any monthly disability benefit is determined through a calculation that must take into account any "Other Income Benefits" that the participant receives from third party sources for the same disability. (Doc. 1, ¶¶ 46-51, 82). Plaintiff became entitled to disability benefits under the Group Policy and also received Veteran's Disability Benefits for the same disabling condition. When Sun Life calculated the amount owed under the Group Policy, it was required to include in the benefit calculation the amount of Plaintiff's Veteran's Disability Benefits as "Other Income Benefits" because, as a matter of law and applying the very same language as in the Group Policy, the United States Court of Appeals for the Tenth Circuit and the United States District Court for the District of Kansas have both held that Veteran's Disability Benefits unambiguously fit within the definition of "Other Income Benefits." *Holbrooks v. Sun Life Assurance Co. of Canada*, 2013 WL 5876605 (D. Kan.), *aff'd*, 570 Fed. Appx. 831 (10th Cir. 2014). Because Plaintiff's allegations that Sun Life's benefit calculation violated ERISA are wrong as a matter of law, those allegations should be dismissed.

3. Count I complains that the offset constitutes discrimination in violation of the USERRA. There are no factual allegations that plausibly give rise to a claim that Sun was motivated by Plaintiff's past military service. The allegations make clear that it was Plaintiff's receipt of benefits, regardless of source, that required them to be included in the calculation of his benefits under the Group Policy. Count I should be dismissed because USERRA prohibits only discrimination motivated by status as a military serviceman, and does not apply to treatment based on a disability that happens to be service-related. Moreover, USERRA applies only to employers, and Sun Life is not Plaintiff's employer.

4. Count II complains that Plaintiff is entitled to his Policy benefits without incorporating his Veteran's Disability Benefits. Count II should be dismissed because the benefit calculation was, as a matter of law, proper under (at least) two different definitions of "Other Income Benefits." *Holbrooks v. Sun Life Assurance Co. of Canada*, 570 Fed. Appx. 831 (10th Cir. 2014) (affirming 2013 WL 5876605 (D. Kan.)). Moreover, a different conclusion in this case would be contrary to the public policy purposes of ERISA, enacted to provide a uniform body of law by which employee benefit policies should be administered.

5. Count III complains that the benefit calculation was not only contrary to the Policy, but constituted a breach of fiduciary duty under ERISA. Count III should be dismissed because the calculation was proper as a matter of law, and there can be no breach of a fiduciary duty to pay benefits that are not owed. Furthermore, Count III is duplicative repackaging of Count II and thus not permitted under ERISA.

6. Count IV attempts to hold Sun liable for Plaintiff's former employer's alleged failure to disclose that Veteran's Disability Benefits are subject to offset under the Policy. Count IV should be dismissed because: Veteran's Disability Benefits are unambiguously included in the definition of the "Other Income Benefits" that are required to be included in calculating benefits under the Group Policy; Veteran's Disability Benefits need not be identified by name to be subject to offset; and Plaintiff may not expand the disclosure obligations specifically set forth in ERISA under the guise of a fiduciary duty claim.

7. Count V claims that Sun Life violated the Veteran's Act by seeking reimbursement of amounts overpaid to Plaintiff. Count V should be dismissed because federal courts have repeatedly held that the Veteran's Act anti-attachment provision on which Plaintiff relies: applies only to attempts to attach the monies paid directly by the federal government and

does not apply to an insurer's attempt to recoup monies it overpaid, even if the reason for the overpayment relates to the plaintiff's receipt of protected federal benefits and even if the overpayment is in the amount of those federal benefits.

8. Count VI claims that Sun Life's attempt at recouping past overpayments to Plaintiff by deducting from his future benefits violates ERISA, 29 U.S.C. 1132(a)(3) which limits the persons who may seek ERISA relief and the nature of that relief. Count VI should be dismissed because, as a matter of law, that statutory provision applies only to judicial relief through a "civil action" and not to Sun Life's self-help remedy which is specifically allowed under the Group Policy.

9. Count VII claims that Sun Life's participated in Plaintiff's former employer's alleged failure to sufficiently disclose that his Veteran's Disability Benefits are included in the benefit calculation under the Group Policy. Count VI should be dismissed because: Veteran's Disability Benefits are unambiguously included in the definition of the "Other Income Benefits"; Veteran's Disability Benefits need not be identified by name; and Plaintiff may not expand the disclosure obligations specifically set forth in ERISA under the guise of a fiduciary duty claim.

**WHEREFORE**, Defendant Sun Life Assurance Company of Canada respectfully requests an Order dismissing the Complaint in its entirety with prejudice, and granting its costs and fees, including reasonable attorneys' fees, and such further relief as it deems just and proper.

Respectfully submitted,
SUN LIFE ASSURANCE COMPANY OF CANADA,

By its counsel,

*/s/ Diane M. Saunders*
Diane M. Saunders (BBO #562872)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Boston Place, Suite 3220
Boston, MA 02108
Telephone:  617.994.5704
Facsimile:  617.994.5701
diane.saunders@ogletreedeakins.com

*/s/ Mark E. Schmidtke*
Mark E. Schmidtke, Esq. (*pro hac vice*)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
56 S. Washington Street, Suite 302
Valparaiso, IN 46383
Telephone: (219) 242-8668
mark.schmidtke@ogletreedeakins.com

*/s/ David Lawrence Schenberg*
David Lawrence Schenberg, Esq. (*pro hac vice*)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
7700 Bonhomme Avenue, Suite 650
Clayton, MO 63105
Telephone: (314) 802-3935
david.schenberg@ogletreedeakins.com

January 23, 2017

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Defendant respectfully submits that it believes that oral argument may assist the Court in deciding the foregoing Motion, and Defendant wishes to be heard. Defendant hereby requests that the Court hear oral argument on this Motion at the Court's earliest convenience.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

I hereby certify that, prior to making this motion, I conferred in good faith with counsel for Plaintiff by e-mail, for the purposes of attempting to obtain his consent to this motion and/or narrow the issues.  Those efforts were unsuccessful.

*/s/ Mark E. Schmidtke*
Mark E. Schmidtke

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on January 23, 2017.

*/s/ Diane M. Saunders*
Diane M. Saunders

28423860.1