UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARCO MARTINEZ, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 16-cv-12154-LTS |
| SUN LIFE ASSURANCE CO. OF CANADA, | ) |
| Defendant. | ) |

ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS
(DOC. NO. 25, DOC. NO. 67)

October 16, 2018

SOROKIN, J.

Plaintiff Marco Martinez asserts seven claims against Defendant Sun Life Assurance Company of Canada ("Sun Life") for discrimination on the basis of his status as a veteran and recovery of disability benefits which he claims are owed to him. Doc. No. 1. For the reasons that follow, Sun Life's motion for judgment on the pleadings is ALLOWED in its entirety.

I. BACKGROUND

Plaintiff Marco Martinez is a United States veteran who was diagnosed with multiple sclerosis in 2009. Doc. No. 1 ¶¶ 36-37. From 2010 to 2012, Martinez was employed by the Athens Group, where he held the position of Senior System Administrator. Id. ¶ 37. Plaintiff and other Athens Group employees participated in an "ERISA-covered disability plan…by which their benefits [were] provided pursuant to a group long-term disability…insurance policy." Id. ¶ 1. This long-term disability ("LTD") policy (the "Plan") was offered by Sun Life.

Id. In November 2012, Martinez began receiving LTD benefits under the Plan due to his multiple sclerosis. Id. ¶ 60.

In January 2015, the United States Department of Veterans Administration (the "VA") granted Martinez's claim for Veterans Disability Benefits under the Veterans' Benefits Act,[1] based on his diagnosis of multiple sclerosis, which entitled Martinez to benefits beginning seventeen months earlier, in August, 2013. Id. ¶¶ 70-73. After Sun Life learned of the VA award, it informed Martinez by letter that it would offset his disability payments, as the VA award constituted "Other Income Benefits" under the Plan. Id. ¶¶ 74-76. Martinez sued Sun Life alleging discrimination and a number of ERISA violations based on this offset.

Martinez asserts seven claims in his complaint. Count I alleges discrimination under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), based on the offset of Martinez' LTD benefits by the amount of his VA award. Id. ¶¶ 146-56. Count II alleges a claim for wrongly denied benefits under ERISA based on the same offset of LTD benefits. Id. ¶¶ 157-66. Count III alleges a breach of a fiduciary duty under ERISA based on the offset of LTD benefits. Id. ¶¶ 167-73. Count IV alleges a breach of co-fiduciary duty under ERISA based on the offset of LTD benefits. Id. ¶¶ 174-96. Count V alleges a violation of the Veterans' Benefits Act based on the offset of LTD benefits. Id. ¶¶ 197-203. Count VI seeks a declaratory judgment that prevents Sun Life from bringing a civil action under ERISA to recover the amount of the offset of LTD benefits. Id. ¶¶ 204-13. Count VII alleges knowing participation in a fiduciary breach by a non-fiduciary based on the offset of LTD benefits. Id. ¶¶ 214-17.

---

[1] 38 U.S.C. § 101 et seq. See Hannigan v. Sun Life and Health Ins. Co., 711 F.3d 226, 231 n.14 (1st Cir. 2013) ("Like other courts to consider the issue, […] we believe that the Veterans' Benefits Act begins at 38 U.S.C. § 101 and encompasses all of Title 38 (Veterans' Benefits).").

The crux of Martinez's argument is that VA benefits are not listed within the "Other Income Benefits" section of the Plan, and thus when Sun Life offset his LTD benefits by the amount of his VA award, it violated the Plan.  See Id. at 9.  Section 1 of the Plan provides that "Other Income Benefits" include:

> The amount the Employee is eligible for under:
>     a. Worker's Compensation Law; or
>     b. Occupational Disease Law; or
>     c. Unemployment Compensation Law; or
>     d. Compulsory Benefit Act or Law; or
>     e. an automobile no-fault insurance plan; or
>     f. any other act or law of like intent.

Id. ¶ 51.

Sun Life initially moved to dismiss the complaint in its entirety under Rule 12(b)(6). Doc. No. 25.  The Court ordered a filing of the administrative record and denied without prejudice the Motion to Dismiss, based on the schedule proposed by the parties.  Doc. No. 37. The Court considered and denied Martinez's motion for discovery on Count II.  Doc. No. 46. Thereafter, Sun Life moved for summary judgment on Count II of the complaint.  Doc. No. 52. The Court allowed summary judgment as to Count II, finding that VA benefits were unambiguously included in "Other Income Benefits" under section 1.d., a Compulsory Benefit Act or Law.  Doc. No. 65 at 5-6.

In response to the Court's summary judgment order, the parties jointly requested that the Court treat the Defendant's original Rule 12(b)(6) motion to dismiss as a live Rule 12(c) motion for judgment on the pleadings, in order to resolve the remaining six claims.  Doc. No. 67.  The Court adopted the parties' proposal and allowed additional briefing, which the parties have now submitted.

II. LEGAL STANDARD

The standard for evaluating a motion for judgment on the pleadings is essentially the same as the standard for evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), except that "[a] Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a whole." Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 54-55 (1st Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court "must accept all well-pleaded facts alleged in the Complaint as true and draw all reasonable inferences in favor of the plaintiff." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). The Court "may augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (citing In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 15 (1st Cir. 2003).

The Court draws all reasonable inferences in Plaintiff's favor in resolving the pending motion for judgment on the pleadings, and has before it the Plan, Doc. No. 27-1, which is incorporated by reference into the complaint. Furthermore, the Court looks to its prior ruling regarding the plain meaning of the policy, announced in the Order on Motion for Summary Judgment, Doc. No. 65. The Court's prior ruling on the plain meaning of the policy applies to the pending motion for the following reasons.

First, "[u]nder the law of the case doctrine, 'unless corrected by an appellate tribunal, a legal decision made at one stage of a civil or criminal case constitutes the law of the case throughout the pendency of the litigation.'" Latin Am. Music Co. Inc. v. Media Power Grp.,

4

Inc., 705 F.3d 34, 40 (1st Cir. 2013) (quoting Flibotte v. Pa. Truck Lines, Inc., 131 F.3d 21, 25 (1st Cir. 1997)). Second, nothing in the briefing suggests to the Court that the ruling requires reconsideration. Finally, the Court's ruling on the plain meaning of the policy did not depend on any facts beyond the four corners of the policy itself, which is properly before the Court in this motion, as a document incorporated by reference into the complaint.

III. DISCUSSION

A. Count I: Claim for Discrimination Under USERRA

Martinez asserts a claim for discrimination under USERRA § 4311, which reads in relevant part:

> A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

38 U.S.C. § 4311(a). In addition, § 4303 defines the term "benefit of employment" as:

> [T]he terms, conditions, or privileges of employment, including any advantage, profit, privilege, gain, status, account, or interest (including wages or salary for work performed) that accrues by reason of an employment contract or agreement or an employer policy, plan, or practice and includes rights and benefits under a pension plan, a health plan, an employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacations, and the opportunity to select work hours or location of employment.

38 U.S.C. § 4303(2). Martinez asserts in the complaint that Sun Life's practice of "adopting and applying a policy of reducing LTD Benefits in the amount of Veterans Disability Benefits"

5

constitutes a denial of certain benefits to veteran employees "as a result of their membership or performance in a uniformed service." Doc. No. 1 ¶¶ 154-55.

The First Circuit has held that "in USERRA actions there must be an initial showing by the employee that military status was at least a motivating or substantial factor in the employer action, upon which the employer must prove, by a preponderance of evidence, that the action would have been taken despite the protected status." Velazquez-Garcia v. Horizon Lines Of Puerto Rico, Inc., 473 F.3d 11, 17 (1st Cir. 2007) (internal citations omitted). Martinez argues that "he was denied a benefit of his employment – namely greater disability benefits" as "a result of his service in the military – namely his receipt of benefits that he only received as a result of his military service." Doc. No. 31 at 12. However, the plain language of the Plan does not distinguish between service members and non-service members. As Sun Life notes, "[i]n calculating the amount of benefits due, the [Plan] uniformly required Sun Life to include benefits received from multiple third party sources for the same disability." Doc. No. 28 at 4.[2]

As this Court has previously found that the VA benefits which Martinez received are "compulsory," Sun Life properly considered them "Other Income Benefits" under the Plan. Doc. No. 65 at 5. Accordingly, offsetting Martinez' LTD benefits by the amount of VA benefits he

---

[2] Martinez relies on Rimbey v. Mucky Duck, Inc., a case from the Middle District of Florida, to support his argument that Sun Life's decision to offset his LTD benefits was a denial of a benefit of employment based on his status as a veteran. Case No. 2:17-cv-103-FtM-99MRM, 2017 WL 2812507 (M.D. Fla. June 29, 2017). In Rimbey, upon learning of the plaintiff's award of VA benefits, the plaintiff's employer reduced his weekly salary by the amount of VA benefits he was receiving. Id. at *1. Martinez argues: "[s]ubstitute the words 'pay' or 'salary' with the words 'LTD benefits,' and this decision applies precisely to Plaintiff's claim here." Doc. No. 72 at 3. Rimbey, however, is distinguishable from this case. Sun Life did not offset Martinez' LTD benefits because they found out he was a veteran; Sun Life offset his benefits because they found out he was receiving benefits for the same disability from other sources. Doc. No. 28 at 5. In fact, Martinez' complaint notes that his LTD benefits were also offset by "the amount he was awarded in SSDI benefits" for the same disability. Doc. No. 1 at 64.

received was an application of the plain language of the Plan, not an act of discrimination under USERRA. Sun Life's motion for judgment on the pleadings is therefore ALLOWED as to Count I.[3]

### B. Count III: Claim for Breach of Fiduciary Duty under ERISA § 404

Martinez also asserts a claim under ERISA § 404(a)(1), subsections (A), (B), and (D), based on the breach of a fiduciary duty. The statutory language upon which Martinez relies provides:

> (a) Prudent man standard of care
>> (1) Subject to sections 1103(c) and (d), 1342, and 1344 of this title, a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and--
>>> (A) for the exclusive purpose of:
>>>> (i) providing benefits to participants and their beneficiaries; and
>>>> (ii) defraying reasonable expenses of administering the plan;
>>>
>>> (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; …
>>>
>>> (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III.

29 U.S.C. §1104(a)(1)(A), (B), (D). The basis for Martinez's claim is that "Sun Life, as a fiduciary[,] had an obligation to follow the terms of the Plan, to the extent that those terms were consistent with ERISA." Doc. No. 1 ¶ 169. Furthermore, Martinez asserts that "[n]o prudent and loyal fiduciary would have interpreted the Sun Life Policy to provide for an offset by the amount of Veterans Disability Benefits where no such exclusion was provided under the Policy."

---

[3] Sun Life also argues that it cannot be held liable under USERRA because it is not an "employer" under the statute. Doc. No. 28 at 7. Sun Life asserts that "[n]o court has applied USERRA to an insurer under these circumstances." Doc. No. 28. Because Plaintiff's claim fails even if Sun Life is considered an employer, the Court does not decide the question of whether Sun Life can properly be considered an employer under USERRA.

7

Id. ¶ 171. Martinez also seeks "an order requiring disgorgement of any profits earned by Defendant Sun Life on benefits wrongfully withheld or untimely distributed under the terms of the governing Plan or prejudgment interest" and an injunction "requiring Defendant Sun Life to administer the Plan without applying an offset for Veterans Disability Benefits." Id. ¶ 173.

However, the "law of the case" is this Court's order on summary judgement regarding Count II, which finds that the VA benefits Martinez received "fall within the reach of the Plan language Sun Life invoked to support the offset ('Compulsory Benefit Act or Law')." Doc. No. 65 at 6. Sun Life properly followed the terms of the Plan when it offset Martinez' LTD benefits by the amount he received in VA benefits. As such, the claim that Sun Life violated its fiduciary duty under ERISA must fail. Accordingly, Sun Life's motion for judgment on the pleadings is ALLOWED as to Count III.

  C. Count IV: Claim for Co-Fiduciary Liability Under ERISA § 405

Martinez's fourth claim asserts that Defendant is liable for a breach of co-fiduciary duty based on the fact that the Athens Group did not explicitly disclose that VA benefits were included within "Other Income Benefits." Id. ¶¶ 174-96. ERISA imposes co-fiduciary liability in the following circumstances:

> (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;
> (2) if, by his failure to comply with section 1104(a)(1) of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or
> (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

29 U.S.C. § 1105(a). Martinez's complaint asserts that the Athens Group is a fiduciary because of its role as Plan Administrator. Doc. No. 1 ¶¶ 177, 180. Martinez also asserts that the Athens Group breached its fiduciary duty under ERISA because the "summary

8

plan description"—also referred to as the "Certificate"—"does not contain language that could be reasonably calculated to be understood by the average plan participant to identify Veterans Disability Benefits to be income eligible to be offset under the terms of the Policy." Id. ¶ 186. Martinez's claim against Sun Life under this count may only stand if the Athens Group breached a fiduciary duty; otherwise, no co-fiduciary liability attaches to Sun Life.

Like the Plan, the Certificate is properly incorporated by reference into the complaint, and the Court considers its text in order to resolve the pending motion.[4] Martinez's argument that the average plan participant would not understand the Certificate to indicate that VA benefits were a form of income eligible to be offset is answered by looking to the Court's previous summary judgment ruling as the "law of the case." The Court previously held that "the average person reading Section 1.d. would comprehend that the provision encompasses unidentified types of benefits which constitute compulsory benefits, because the subsection does not name any particular type of compulsory benefit." Doc. No. 65 at 7 (emphasis in original). Furthermore, "[w]hereas Martinez's VA benefits fall squarely within the category named in Section 1.d., failure to identify specifically VA benefits does not preclude their offset." Id. Because there was no failure to disclose the terms of the Plan and no violation of the language of the Plan, there was no fiduciary breach by Athens Group which can support a

---

[4] Martinez discusses the Certificate at length in the complaint, and specifically asserts that the "only description in the Certificate of the types of income that may be offset against LTD Benefits is the word-for-word quotation of the entire Other Income Benefits Provision found in the Sun Life LTD Policy." Doc. No. 1 ¶ 103.

9

co-fiduciary breach by Sun Life. Therefore, Sun Life's motion for judgment on the pleadings is ALLOWED as to Count IV.

  D. <u>Count V: Violation of the Veterans' Benefits Act</u>

Martinez's fifth count alleges that Defendant Sun Life violated the Veterans' Benefits Act by seeking to recover an amount equivalent to the amount of VA benefits he received. Doc. No. 1 ¶ 202. The Veterans' Benefits Act states:

> Payments of benefits due or to become due under any law administered by the Secretary shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. The preceding sentence shall not apply to claims of the United States arising under such laws nor shall the exemption therein contained as to taxation extend to any property purchased in part or wholly out of such payments. The provisions of this section shall not be construed to prohibit the assignment of insurance otherwise authorized under chapter 19 of this title, or of servicemen's indemnity.

38 U.S.C. § 5301(a)(1). It is undisputed that Veterans Disability Benefits constitute a "benefit due…under [a] law administered by the Secretary," Doc. No. 1 ¶ 199, and thus are not subject to attachment by a creditor.

However, Martinez's claim is based on his assertion that "[u]pon learning that Plaintiff and members of the Class have received their Veterans Disability Benefits, Defendant Sun Life sends a letter, such as the one sent to Plaintiff, demanding payment of the amount that Plaintiff, and upon information and belief, other members of the Class received in Veterans Disability Benefits." <u>Id.</u> ¶ 200. Martinez continues, "[i]n the event that the participant fails to pay their Veterans Disability Benefits to Sun Life, Defendant Sun Life will suspend the participants LTD Benefits, as was done with Plaintiff, or upon information and belief engage in efforts to collect the monies received as Veterans Disability Benefits." <u>Id</u>. Martinez seeks a declaratory judgment

ruling that § 5301 prevents Sun Life from recovering his VA benefits, as well as recovery of "all the Veterans Disability Benefits seized or recovered by Defendant Sun Life." Id. ¶ 203.

Martinez claims Sun Life is "a creditor within the meaning of 38 U.S.C. § 5301." Id. ¶ 201. However, Sun Life does not attempt to "attach[], levy, or seiz[e]" the VA benefits awarded to Plan participants like Martinez. 38 U.S.C. § 5301(a)(1). Rather, Sun Life takes into account the VA benefits later awarded for the same disability during the same period of time for which it already disbursed LTD benefits, and offsets future LTD payments to account for the previous overpayment.

As Sun Life notes, Martinez cites "zero cases holding that §5301 prohibits offsetting Veteran's Disability Benefits or prohibits withholding other benefits as a means of recovering overpayments." Doc. No. 34 at 17. However, the First Circuit considered a case similar to this one, where an insurance company sought to recoup an overpayment of LTD benefits based on the plaintiff's subsequent award of SSDI benefits. Cusson v. Liberty Life Assur. Co. of Boston, 592 F.3d 215 (1st Cir. 2010), abrogated on other grounds by Montanile v. Bd. of Trustees of Nat. Elevator Indus. Health Benefit Plan, 136 S. Ct. 651 (2016).[5] The court in Cusson held that the insurance company, Liberty, was "not attempting to recover [plaintiff's] SSDI benefits" but instead was seeking to "recover in equity from funds Liberty itself already paid under the LTD plan." Id. at 232. Even though "the amount in question happen[ed] to be the same as the

---

[5] The Supreme Court, in Montanile, considered the question of "whether an ERISA fiduciary can enforce an equitable lien against a defendant's general assets under [the] circumstances." Montanile, 136 S. Ct. at 656. It did not abrogate, or even discuss, the First Circuit's conclusion that recovery of an amount equal to the SSDI benefits awarded, which constituted LTD benefits overpaid by the insurance company, did not constitute a recovery of the SSDI benefits themselves.

11

amount of [plaintiff's] retroactive SSDI payment," the First Circuit held that "the funds Liberty [was] targeting [did] not come from SSDI." Id.

The First Circuit's reasoning in Cusson is directly applicable to this case. Sun Life is attempting to recover an amount equal to Martinez's retroactive VA award, but the funds it is targeting are not those from the VA. Rather, Sun Life is targeting the funds it previously disbursed to Martinez as an overpayment of LTD benefits. Therefore, Sun Life's motion for judgment on the pleadings is ALLOWED as to Count V.

### E. Count VI: Declaratory and Injunctive Relief Under ERISA

Martinez brings his sixth claim under 28 U.S.C. §§ 2201-02, seeking a declaratory judgment that Sun Life may not bring a civil action under ERISA § 502(a)(3).[6] Section 502(a)(3) permits a civil action to be brought

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan

29 U.S.C. § 1132(a)(3). Martinez asks the Court to issue a declaratory judgment that "the Sun Life Policy does not contain language sufficient to constitute an equitable lien by agreement and/or that Defendant Sun Life is not entitled to seek to recoup any alleged overpayments without a showing that the overpayment does in fact remain in participants' or beneficiaries' possession or is otherwise traceable." Doc. No. 1 ¶ 213. Martinez also seeks an "order requiring Sun Life to disgorge any monies that were collected from participants from assets that were not traceable to their alleged overpayments." Id. However, Martinez does not assert that Sun Life

---

[6] In the complaint, Martinez cites this section of ERISA as 29 U.S.C. § 1102(a)(3); however, the Court notes that the corresponding section of the U.S. Code is 29 U.S.C. § 1132(a)(3). As such, the Court decides Count VI of the complaint under § 1132(a)(3).

12

has at any point attempted to bring a civil action against him pursuant to ERISA § 502(a)(3), and Sun Life affirmatively denies having brought any such action. Doc. No. 34 at 18.

The question presented by Count VI is whether Sun Life may seek to recoup past overpayments by reducing future LTD benefits. Courts in several other circuits have held that ERISA § 502(a)(3) does not apply to reductions of future payments, but rather only addresses equitable relief in the form of "civil actions." See Northcutt v. Gen. Motors Hourly-Rate Employees Pension Plan, 467 F.3d 1031, 1038 (7th Cir. 2006) (holding that reducing future benefits due under a contract to offset the existing debt owed did not constitute "civil action" under ERISA § 502); Shaffer v. Rawlings Co., 424 F. App'x 422, 425 (6th Cir. 2011) (holding that ERISA § 502 "pertains only to judicial remedies—the kind of relief that may be sought in judicial proceedings"). Though not binding, these decisions are persuasive. Therefore, Sun Life's motion for judgment on the pleadings is ALLOWED as to Count VI.

F. Count VII: Knowing Participation in a Fiduciary Breach Under ERISA

Martinez's seventh and final claim is brought pursuant to ERISA § 502(a)(3), and alleges that "[b]y providing the description of income eligible for offset in the Certificate to…Athens Group, Defendant Sun Life knowingly participated in and enabled the Plan Administrators' breach of their fiduciary duty." Doc. No. 1 at 216. Martinez seeks an injunctive order requiring Defendant "to disgorge wrongfully withheld or recovered LTD Benefits in its possession as well as the proceeds and/or profits made on those funds, and/or the fees and/or premiums it received for its services in drafting and providing the Certificate." Doc. No. 1 ¶ 217.

As there was no fiduciary breach by Athens Group based on the information contained in the Certificate, Martinez's claim that Sun Life knowingly participated in a fiduciary breach must fail. Therefore, for the same reasons that Martinez's fourth claim cannot withstand the motion to

13

dismiss, neither can his seventh claim. As such, Sun Life's motion for judgment on the pleadings is ALLOWED as to Count VII.

IV. CONCLUSION

Accordingly, Sun Life's motion for judgment on the pleadings, Doc. No. 67, formerly a motion to dismiss, Doc. No. 25, is ALLOWED in its entirety. The Clerk shall enter Judgment in favor of Defendant and against Plaintiff on all claims, pursuant to this Order and the Court's prior Order, Doc. No. 65, with each side to bear its own fees and costs.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge